**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROYAL HALL,

                                        Plaintiff,

                    - v -                                    Civ. No. 1:19-CV-85
                                                                (LEK/DJS)

DEBRA BENNIGER, *Former Records Officer,*
*New York State Police Crime Laboratory*; ALBANY
NEW YORK STATE POLICE CRIME LABORATORY
or NEW YORK STATE POLICE AGENCY,

                                        Defendants.


**APPEARANCES:**                          **OF COUNSEL:**

ROYAL HALL
Plaintiff, *Pro Se*
16-A-5245
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

        The Clerk has sent for review a civil Complaint filed by Plaintiff *pro se* Royal

Hall.  Dkt. No. 1, Compl.  Plaintiff has not paid the filing fee, but instead submitted a

Motion to Proceed *in forma pauperis* ("IFP").  Dkt. No. 2, IFP App.  By separate Order,

this Court granted Plaintiff's Application to Proceed IFP.  Now, in accordance with 28

U.S.C. §§ 1915(e) and 1915A, the Court will *sua sponte* review the sufficiency of the

Complaint.

# I.  DISCUSSION

## A.  Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(a) & (b).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis

in original) (citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

## B.  Allegations Contained in Plaintiff's Complaint

The Complaint alleges that Plaintiff filed a Freedom of Information Law ("FOIL") request to the New York State Police Crime Laboratory seeking copies of a laboratory report apparently relevant to a 2008 criminal case against Plaintiff.  *See* Compl. at p. 4. Plaintiff claims that the lab report at issue is fraudulent as it falsely identified material in his possession as a controlled substance.  *Id.*  It appears from the Complaint that Plaintiff has been unsuccessful in obtaining a copy of the laboratory report though he does not expressly state what, if any, response he received to his FOIL request.  *Id.*

The Complaint, brought pursuant to 42 U.S.C. § 1983, asserts three causes of action.  The first alleges denial of federal rights under due process and the Freedom of Information Law.  *Id*. at p. 5.  The second alleges that the defendants committed fraud "by the suppressing of the 2008 lab report."  *Id.* The third, though rather unclear, seems to assert entitlement to the lab report as a public record.  *Id.*  The Complaint seeks ten million dollars in damages and injunctive relief.  *Id.*

## C. Sufficiency of the Pleading

The First Cause of Action, alleging violations of due process and FOIL, should be dismissed since such claims are not cognizable under section 1983.  Courts in this District have repeatedly recognized that "a section 1983 action is not the proper vehicle for bringing a FOIL claim."  *Story v. Morris*, 2017 WL 933212, at *4 (N.D.N.Y. Feb. 1, 2017), *report and recommendation adopted*, 2017 WL 916418 (N.D.N.Y. Mar. 8, 2017)

(citing cases); *see also Ramos v. Culick*, 2017 WL 835406, at \*4 (N.D.N.Y. Feb. 9, 2017), *report and recommendation adopted*, 2017 WL 823580 (N.D.N.Y. Mar. 2, 2017) ("A violation of New York FOIL does not give rise to a claim under § 1983."); *Troeger v. Ellenville Cent. Sch. Dist.*, 2016 WL 5107119, at \*9 (N.D.N.Y. Sept. 20, 2016) ("To the extent that Plaintiff alleges that he had a property interest in receiving a response from his FOIL requests, a plaintiff has no property interest in obtaining FOIL documents.") (internal quotation omitted).  Plaintiff's claims regarding an alleged failure to comply with FOIL should, therefore, be dismissed.[1]

The remainder of Plaintiff's claims are unclear.  To the extent he alleges fraud in failing to disclose the lab report at issue, such a claim would fail to state a claim for the reasons just discussed as it would relate to compliance with New York's FOIL provisions. To the extent he alleges a claim regarding the actual falsification of the laboratory report, it would appear that Defendant Benniger, who is alleged to be a former records officer, not an actual lab technician, would not be a proper party to such a claim as it is unclear what personal involvement she would have in such alleged action.  *See, e.g., McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977) ("In this Circuit personal involvement of

---

[1] Plaintiff also refers to the federal Freedom of Information Act in his first cause of action.  Compl. at p. 5.  To the extent Plaintiff intends to make out a claim under FOIA, "it is beyond question that FOIA applies only to federal and not to state agencies."  *Grand Cent. P'Ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999).  As such, the Court would recommend dismissing such a claim with prejudice.  *See Lont v. Roberts*, 2013 WL 1810759, at \*4 (E.D.N.Y. Apr. 26, 2013); *Gianello v. Port Auth. of N.Y. & N.J.*, 2011 WL 2436674, at \*1 (S.D.N.Y. June 16, 2011); *Ali v. Przbyl*, 2004 WL 1682774, at \*2 (W.D.N.Y. July 26, 2004).

defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Finally, Plaintiff names the Albany New York State Police Crime Laboratory or New York State Police Agency as a Defendant here.[2]  Any claim against a unit of the New York State Police is barred by the immunity provided by the Eleventh Amendment. *Morris v. New York State Police*, 268 F. Supp. 3d 342, 360 (N.D.N.Y. 2017).

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'"  *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991)).  However, where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate.  *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015).

Considering these standards, the Court recommends that all claims related to denial of documents under FOIL and against the New York State Police Crime Laboratory be dismissed with prejudice as no alternative pleading can cure the defects identified above as to those claims.  To the extent, however, that Plaintiff attempts to assert a claim regarding the actual falsification of the report at issue such an allegation might assert a

---

[2] The Court presumes Plaintiff includes two names in the alternative to ensure he included the correct identity.

claim sufficient at least to withstand initial review and so the Court recommends that Plaintiff be granted leave to amend to assert such a claim.[3]

## II.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the all claims regarding failure to comply with FOIL and against the Albany New York State Police Crime Laboratory or New York State Police Agency be **DISMISSED with prejudice**; and it is further

**RECOMMENDED**, that Plaintiff's remaining claims be **DISMISSED without prejudice with leave to amend**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[4] within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN**

---

[3] As noted above, it is not clear that such a claim would lie against Defendant Benniger.  It is also quite unclear that such a claim, regarding a 2008 report, would be timely commenced now.  Given that the precise nature of some of Plaintiff's allegations are not clear, however, dismissal without prejudice as to such a claim is appropriate.

[4] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72 & 6(a).

Date:   March 4, 2019
        Albany, New York


Daniel J. Stewart
U.S. Magistrate Judge