UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROYAL HALL,

                              Plaintiff,

        -against-                        1:19-CV-0085 (LEK/DJS)

DEBRA BENNIGER, *et al.*,

                              Defendants.

---

**DECISION AND ORDER**

## I.      INTRODUCTION

Plaintiff Royal Hall alleges that the New York State Police Crime Laboratory (the "Laboratory"), the New York State Police, and Debra Benniger, a former records officer for the Laboratory, violated his rights under the United States Constitution, the New York Freedom of Information Law ("FOIL") and the Freedom of Information Act ("FOIA") by (1) falsifying a lab report used to obtain his 2009 felony conviction in New York state court for possessing crack cocaine and (2) failing to disclose that report in response to his FOIL request. Dkt. No. 1 ("Complaint") at 4; Dkt. No. 6 ("Objection") at 1.

On March 4, 2019, the Honorable Daniel J. Stewart, U.S. Magistrate Judge, reviewed the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and issued a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 5 ("Report-Recommendation"). He recommends that the Court dismiss the claims alleging a failure to comply with FOIL and FOIA, and all claims against the Laboratory and New York State Police, with prejudice—that is, without leave to replead those claims in an amended complaint. He also recommends that the

Court dismiss the claims against Benniger, based on the alleged falsification of the lab reports, with leave to amend. Rep.-Rec. at 4–7. The Court agrees.

## II.      LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and it "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636.

## III.     DISCUSSION

Since Plaintiff objected to the Report-Recommendation, Obj., the Court has reviewed his Complaint de novo. Upon doing so, it agrees with the Magistrate Judge's recommendations.

Plaintiff first objects to the Magistrate Judge's conclusion that he cannot state a claim based on Defendants' alleged failure to disclose the lab report in response to his FOIA request. Arguing that FOIA gives him a cause of action, he cites 5 U.S.C. 552(a)(4)(B) (providing a cause of action against "agencies" that withhold records in violation of FOIA). Obj. at 1. However, Defendants are state agencies, and Benniger is a state officer. As the Magistrate correctly noted, "'FOIA applies only to federal and not to state agencies.'" Rep.-Rec. at 5 n.1 (quoting Grand Cent. P'Ship, Inc. v. Cuomo, 166 F.3d 473, 484 (2d Cir. 1999)); see also 5 U.S.C. § 511(1) (defining "agency" to include only federal agencies). Accordingly, Plaintiff's FOIA claim is dismissed with prejudice. Rep.-Rec. at 5 n.1.

The Magistrate Judge also correctly concluded that the failure to respond to a FOIL request does not give rise to a Fourteenth Amendment claim under § 1983. Rep.-Rec. at 4–5; contra Obj. at 3. Even assuming that Plaintiff has a constitutionally-protected property interest in the documents he seeks, when "a state employee . . . deprives an individual of property, a procedural due process violation exists only if the state fails to provide the litigant with a meaningful post-deprivation remedy." Lawrence v. Antonucci, 144 F. App'x 193, 193–94 (2d Cir. 2005). "The appropriate vehicle for challenging denials of access guaranteed by the New York Freedom of Information Law is a state court proceeding pursuant to N.Y.C.P.L.R. Article 78 upon exhaustion of administrative remedies." Ramos v. Culick, No. 16-CV-1312, 2017 WL 835406, at *4 (N.D.N.Y. Feb. 9, 2017), adopted, 2017 WL 823580 (N.D.N.Y. Mar. 2, 2017). An Article 78 proceeding is an adequate procedure to challenge the improper denial of a FOIL request. Lawrence, 144 F. App'x at 193–94; Ramos, 2017 WL 835406, at *4. Therefore, Plaintiff cannot base a due process claim on Defendants' failure to honor his FOIL request.

The Magistrate Judge also properly concluded that the claims against the Laboratory and New York State Police should be dismissed with prejudice. Rep.-Rec. at 6. The Eleventh Amendment immunizes those state agencies from suit under § 1983. Id. (citing Morris v. New York State Police, 268 F. Supp. 3d 342, 360 (N.D.N.Y. 2017)). If Plaintiff seeks relief for state employees' alleged fabrication of lab results, he may sue the individual wrongdoers as unidentified "Doe" defendants and, if his claims are plausible enough to survive dismissal, attempt to identify those individuals through discovery. Delaney v. City of Albany, No. 18-CV-1259, 2019 WL 125769, at *5 (N.D.N.Y. Jan. 7, 2019); Fed. R. Civ. P. 45. The Magistrate Judge also correctly found that Plaintiff has not alleged facts suggesting that Barringer was one of the

officials involved in fabricating of the records at issue and, therefore, that the claim against her must be dismissed (without prejudice). Rep.-Rec. at 5–6.

If Plaintiff intends to file an amended complaint, he should note that a "claim for damages is not cognizable under [ ] § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his [state] conviction or sentence,' unless the [plaintiff] can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). A claim that New York state employees fabricated the evidence used to obtain Plaintiff's conviction or sentence would, if proven, "demonstrate the invalidity of his conviction" or sentence. Warren v. Fischl, 674 F. App'x 71, 72 (2d Cir. Jan. 6, 2017). Therefore, Plaintiff may not invoke § 1983 to seek damages for the fabrication of such evidence unless he alleges "'that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by . . . the issuance of a [federal] writ of habeas corpus.'" Id. at 73 (quoting Heck, 512 U.S. at 486–87).

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the all claims regarding failure to comply with FOIL and against the Albany New York State Police Crime Laboratory or New York State Police Agency are **DISMISSED with prejudice**; and it is further

**ORDERED**, that Plaintiff's remaining claims are **DISMISSED without prejudice** with leave to amend; and it is further

**ORDERED**, that Plaintiff shall file any amended complaint within **thirty days** of the filing date of the Decision and Order. If he fails to do so, the Clerk shall dismiss this case without further order; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  April 22, 2019
     Albany, New York

       Lawrence E. Kahn
       U.S. District Judge